### Scalatis and Calogeros v. Cargas.

*Judgment—Motions to strike off and open.*

1. A judgment will not be stricken off because of a mere clerical error in giving the street number of a property for the rent of which it was given.

2. A judgment will not be stricken off for a reason first advanced in the defendant's brief and not assigned in the petition.

3. The court can treat a motion to strike off a judgment as an application to open it.

Rule to strike off judgment. C. P. Lancaster Co., April T., 1927, No. 405.

*William C. Rehm,* for rule; *J. Farrel Garvey,* contra.

Landis, P. J., Oct. 8, 1927.—On April 25, 1924, the plaintiff leased to the defendant "the rear part of storeroom at No. 60 N. Queen St., Lancaster, Pa."

A further provision was that the said Spyro G. Cargas agreed "to renovate said rear room at his own expense and the said Spyro G. Cargas to have the use of the pressing-machine now located there, with privilege of purchasing same at any time during the term of this lease or any renewal thereof." The lease was to run from May 1, 1924, for a term of twenty-three months, the lessee to pay the sum of $1150 in monthly payments of $50 each. Cargas was to pay for all repairs to the pressing-machine. On May 28, 1927, the lease was entered in this court as a judgment for $750, to April Term, 1927, No. 405, and on the same day the plaintiff caused execution thereon to be issued to August Term, 1927, No. 46. Under this execution, the personal property of the defendant was levied upon by the sheriff. On Sept. 6, 1927, the defendant presented his petition, asking that this judgment should be stricken off, and that is the question now before us.

The defendant in his petition avers that he entered into possession of the premises, being the rear room of No. 60 North Queen Street, Lancaster, Pa., pursuant to the lease, on May 1, 1924; that, under it, he was entitled to the use of a modern pressing-machine; that he was refused the use of this machine, and, when he complained, he was notified to move; that he paid all the rent due under the lease, and vacated the premises on Nov. 30, 1924.

From the depositions, it appears that almost immediately after the defendant moved into the premises, trouble arose concerning the pressing-machine. The plaintiffs claimed that Cargas could buy it, but he had no right to use it, unless he bought it. They were wrong in this regard, and were so told by Mr. Eaby, their then attorney. The defendant testifies that the plaintiffs ordered him out of the premises—kicked him out—and that he paid all of the rent due and left on Nov. 30, 1924. The plaintiffs admit that he paid all of the rent which became due while he was there, but they deny that they prevented him from using the pressing-machine, and also deny that they told him to vacate. It is denied that, after he left, a shoemaker occupied the premises for a short time, and Cargas says they carried on the cleaning and pressing business there after he left. Cargas is corroborated by his sister. It seems strange that the plaintiffs should wait for two and a-half years after the defendant admittedly vacated before they entered up the lease.

The affidavit accompanying the entry of the judgment reads that "Peter Scalatis and Paul Galogeros . . . are the lessors and have been the lessors from Jan. 1, 1924, of all that certain storeroom situated in the rear of the first floor of premises No. 660 North Queen Street, Lancaster, Pa.; that Spyro G. Cargas was the tenant of said storeroom, having occupied the same by virtue of the attached lease. . . ." The lease shows that the premises were numbered No. 60 North Queen Street, and not No. 660. It was merely a clerical error, which is of no consequence. Courts do not strike off judgments for such causes, and, outside of this reason, none of any importance are assigned for the striking off of the judgment.

In the defendant's brief it is claimed that the prothonotary had no right to enter the judgment, as the plaintiffs did not comply with the Act of March 31, 1915, P. L. 39 (see Deibert *v.* Rhodes, 40 Lanc. Law Rev. 553). No such reason is assigned in the petition, and it follows that that question is not properly before the court.

It, however, has been decided that the court can treat such a motion as an application to open the judgment and let the defendant into a defense, if the facts warrant such action on the part of the court. We think that in the present case this should be done.

Scalatis and Calogeros v. Cargas.

Therefore, the rule to show cause why the judgment should not be stricken off is discharged as such; but it is now considered as a rule to open the judgment and let the defendant into a defense, and as such the rule is made absolute and the defendant is now permitted to make a defense.

Rule to open judgment made absolute.

From George Ross Eshleman, Lancaster, Pa.